**FILED**

May 09 2022

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AMOS JONES,

              Plaintiff,

     v.

I. PEREZ-PANTOJA, et al.,

              Defendants.

Case No. 22-cv-00773-TSH

**ORDER OF SERVICE**

Plaintiff, an inmate at Correctional Training Facility ("CTF") - Central, in Soledad, California, has filed a *pro se* action pursuant to 42 U.S.C. § 1983 against CTF correctional officers A. Turingan and I. Perez-Pantoja. His complaint is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff has paid the filing fee. Dkt. No. 6.

## DISCUSSION

### A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only ""give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Complaint**

The complaint makes the following allegations.

On April 19, 2020, Plaintiff filed a grievance against defendant Perez-Pantoja for his failure to observe health and safety protocols while he was conducting cell searches on April 16, 2020.  After learning of this grievance, defendant Turingan, who is defendant Perez-Pantoja's partner, harassed Plaintiff on July 29, 2020, telling him to find another cell in another unit.

On August 15, 2020, Plaintiff submitted a grievance concerning defendant Turingan's conduct.  After learning of this grievance, defendant Turingan prevented Plaintiff from participating in his work assignment.

On August 19, 2020, Plaintiff submitted another grievance against defendant Turingan concerning the post August 15, 2020 retaliatory conduct.  On May 20, 2021, defendant Perez-Pantoja told Plaintiff to leave his work assignment.  When Plaintiff objected, defendant Perez-Pantoja said, "You should have thought about that before you fucking 602 my partner Turingan, you will never work in this building as long as Turingan and me work in here, so lock it up now, that's a fucking direct order."

On May 23, 2021, Plaintiff submitted a grievance concerning defendant Perez-Pantoja's retaliatory conduct.  On July 10, 2021, defendant Turingan conducted a retaliatory cell search of Plaintiff's cell, trashing the cell, stealing Plaintiff's earphones, and falsely claiming that Plaintiff's

1    earphones were altered to justify the theft.

2          On August 8, 2021, Plaintiff submitted a grievance regarding defendant Turingan's

3    retaliatory cell search.

4          Liberally construed, the complaint's allegations state a cognizable claim against defendants

5    Turingan and Perez-Pantoja for retaliation in violation of the First Amendment. *Rhodes v.*

6    *Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of

7    First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took

8    some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and

9    that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action

10   did not reasonably advance a legitimate correctional goal.") (footnote omitted).

### CONCLUSION

12         For the foregoing reasons, the Court orders as follows.

13         1.     The following defendant(s) shall be served: Correctional Training Facility –

14   Central correctional officers A. Turingan and I. Perez-Pantoja.

15         Service on the listed defendant(s) shall proceed under the California Department of

16   Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners

17   in the CDCR's custody.  In accordance with the program, the Clerk is directed to serve on the

18   CDCR via email the following documents: the operative complaint, this order of service, a CDCR

19   Report of E-Service Waiver form and a summons.  The Clerk also shall serve a copy of this order

20   on the Plaintiff.

21         No later than 40 days after service of this order via email on the CDCR, the CDCR shall

22   provide the court a completed CDCR Report of E-Service Waiver advising the court which

23   defendant(s) listed in this order will be waiving service of process without the need for service by

24   the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or

25   could not be reached.  The CDCR also shall provide a copy of the CDCR Report of E-Service

26   Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court

27   a waiver of service of process for the defendant(s) who are waiving service.

28         Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each

United States District Court
Northern District of California

3

defendant who has not waived service according to the CDCR Report of E-Service Waiver a
USM-205 Form.  The Clerk shall provide to the USMS the completed USM-205 forms and copies
of this order, the summons, and the operative complaint for service upon each defendant who has
not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-
Service Waiver.

2.     The complaint states a cognizable First Amendment retaliation claim against
defendants CTF correctional officers A. Turingan and I. Perez-Pantoja.

3.     In order to expedite the resolution of this case, the Court orders as follows:

a.     No later than 91 days from the date this order is filed, Defendants must file
and serve a motion for summary judgment or other dispositive motion.  If Defendants are of the
opinion that this case cannot be resolved by summary judgment, Defendants must so inform the
Court prior to the date the motion is due.  A motion for summary judgment also must be
accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what
is required of him in order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir.
2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be
served concurrently with motion for summary judgment).[1]

b.     Plaintiff's opposition to the summary judgment or other dispositive motion
must be filed with the Court and served upon Defendants no later than 28 days from the date the
motion is filed.  Plaintiff must bear in mind the notice and warning regarding summary judgment
provided later in this order as he prepares his opposition to any motion for summary judgment.

c.     Defendants shall file a reply brief no later than 14 days after the date the
opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No
hearing will be held on the motion.

---

[1] If Defendants assert that Plaintiff failed to exhaust his available administrative remedies as
required by 42 U.S.C. § 1997e(a), Defendants must raise such argument in a motion for summary
judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014)
(en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that
failure to exhaust available administrative remedies under the Prison Litigation Reform Act,
should be raised by a defendant as an unenumerated Rule 12(b) motion).

United States District Court
Northern District of California

United States District Court
Northern District of California

4.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).  (The *Rand* notice above does not excuse Defendants' obligation to serve said notice again concurrently with a motion for summary judgment.  *Woods*, 684 F.3d at 939).

5.      All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel.  The Court may disregard any document which a party files but fails to send a copy of to his opponent.  Until Defendants' counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendants, but once Defendants are represented by counsel, all documents must be mailed to counsel rather than directly to Defendants.

6.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7.      Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant

to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8.      Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.  Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: 5/9/2022

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California