UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMOS JONES,<br><br>        Plaintiff,<br><br>    v.<br><br>I. PEREZ-PANTOJA, et al.,<br><br>        Defendants. | Case No. 22-cv-00773-TSH<br><br>**ORDER RE: MOTIONS IN LIMINE**<br><br>Re: Dkt. Nos. 52, 57, 58 |

Prior to the August 8, 2024 pretrial conference, the Court issues the following order tentative order regarding the parties' motions in limine. ECF Nos. 52, 57, 58. The parties shall be prepared to discuss any objections or comments at the conference.[1]

### I.    JOINT MOTIONS IN LIMINE (ECF NO. 58)

**A.    Evidence that the State of California May Pay the Judgment or Reimburse Defendants**

The parties request the Court exclude evidence that the State of California may pay the judgment or reimburse Defendants in the event a judgment is entered against them. ECF No. 58 at 1. The State of California is generally required to indemnify its employees, at their request, in litigation arising from the course and scope of their employment. Cal. Gov't Code § 825. But the State is not obligated to indemnify its employees for exemplary damages. *Id*. § 825(b).

"Evidence of indemnification is generally inadmissible but may be used to show prejudice or bias of a witness." *In re Hanford Nuclear Reservation Litig*., 534 F.3d 986, 1014 (9th Cir. 2008) (citing Fed. R. Evid. 411). Here, information regarding whether the State would pay any verdict or reimburse defendants is not relevant to Plaintiff's claims, and it is likely that any such

---

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 4, 12.

1 evidence "is prejudicial because a jury is more inclined to deliver a verdict against a defendant if it
2 believes that he is indemnified as opposed to the defendant alone being required to satisfy the
3 judgment." *Jacobs v. Alexander*, 2015 WL 8010537, at *4 (E.D. Cal. Dec. 7, 2017); *see also*
4 *Washington v. Samuels*, 2016 WL 3999990, at *4 (E.D. Cal. July 25, 2016) (same); *Williams v.*
5 *Steglinkski*, 2016 WL 1183134, at *2 (E.D. Cal. Mar. 28, 2016) (same).  Accordingly, the Court
6 **GRANTS** the parties' Motion in Limine No. 1.  Any evidence regarding payment or
7 reimbursement by the State of California shall be excluded.

### B. Evidence of Plaintiff's Other Lawsuits or Administrative Grievances

The parties argue evidence of and reference to other complaints filed by Plaintiff should be excluded, following the Court's prior ruling in a previous case brought by Plaintiff, *Jones v. Mora*, No. 20-cv-4093, 2022 WL 17365253, at *6 (N.D. Cal. Dec. 1, 2022) ("Evidence of Plaintiff's prior complaints shall be excluded.").  ECF No. 58 at 2-3.  The Court agrees and therefore **GRANTS** the parties' Motion in Limine No. 2.  Evidence of Plaintiff's prior complaints shall be excluded.  "However, if Plaintiff opens the door and testifies about his history of filing grievances, Defendants may introduce rebuttal evidence of Plaintiff's prior complaints." *Id.* (citing *United States v. Hegwood*, 977 F.2d 492, 496 (9th Cir. 1992) ("[W]hen the defendant 'opens the door' to testimony about an issue by raising it for the first time himself, he cannot complain about subsequent government inquiry into that issue . . . .  Because Wilson's attorney asked Brundage about Wilson's character as a drug dealer, the government was entitled to put on evidence about his character.")).

### C. Evidence of Plaintiff's Prison Disciplinary History and Gang Affiliation

The parties argue that, based on its prior ruling in *Mora*, the Court should exclude all evidence of and reference to Plaintiff's disciplinary history and alleged gang affiliation, unless Plaintiff opens the door by claiming he's a model inmate or has no gang affiliation.  ECF No. 58 at 3-4.  The Court agrees.  Plaintiff's prison disciplinary record is "not relevant, is prejudicial, constitutes inadmissible character evidence of other wrongs or acts, and is inadmissible hearsay." *Seals v. Mitchell*, 2011 WL 1399245, at *6 (N.D. Cal. Apr. 13, 2011) (granting prisoner's motion in limine to exclude his prison disciplinary record because it is "not relevant, is prejudicial,

2

1  constitutes inadmissible character evidence of other wrongs or acts, and is inadmissible hearsay.")
2  (citing Fed. R. Evid. 402, 403, 404(b), & 802); *Henderson v. Peterson*, 2011 WL 2838169, at *5–
3  6 (N.D. Cal. July 15, 2011) (same).
4        First, evidence of Plaintiff's prison disciplinary record is not admissible because it is not
5  relevant to the present civil action, in which Plaintiff alleges Defendants retaliated against him.
6  *See* Fed. R. Evid. 402.  Second, the probative value of Plaintiff's prison disciplinary record is
7  substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading
8  the jury and considerations of wasting the time of the Court, jury, and parties.  *See* Fed. R. Evid.
9  403.  Presenting Plaintiff's incidents of prison discipline may prejudice the jury against Plaintiff
10  and confuse, distract, and mislead the jury from the main issues in this action.  Third, Plaintiff's
11  prison disciplinary record constitutes inadmissible character evidence of other wrongs or acts.
12  Fed. R. Evid. 404(b).  However, "if Plaintiff claims he is a 'model inmate,' Defendants may
13  introduce rebuttal evidence that involves Plaintiff's conduct and disciplinary record before" April
14  2020.  *Mora*, 2022 WL 17365253, at *8.
15        Similarly, evidence of Plaintiff's alleged gang affiliation should be excluded as "[i]t is
16  well-established that gang affiliation evidence presents a very high danger of substantial
17  prejudice." *Stevenson v. Holland*, 504 F. Supp. 3d 1107, 1138 (E.D. Cal. 2020) (citing *Kennedy v.*
18  *Lockyer*, 379 F.3d 1041, 1055–1056 (9th Cir. 2004) ("Our cases make it clear that evidence
19  relating to gang involvement will almost always be prejudicial[.]")).  However, "'such gang
20  affiliation evidence may be admissible for impeachment or in rebuttal depending on whether
21  [Plaintiff] open[s] the door to this subject.'"  *Mora*, 2022 WL 17365253, at *6 (quoting *Galindo v.*
22  *Tassio*, 2014 WL 12693525, at *2 (N.D. Cal. June 19, 2014)); *see also Nguyen v. Tilton*, 2009 WL
23  839278, at *10 (N.D. Cal. Mar. 30, 2009) ("[W]hile gang membership evidence cannot be used to
24  prove substantive elements of the crime, it may be used for other purposes during trial such as
25  impeachment."), *aff'd sub nom. Nguyen v. Hickman*, 475 F. App'x 180 (9th Cir. 2012).
26        Accordingly, the Court **GRANTS** the parties' Motion in Limine No. 3.

### D.  Evidence of Lawsuits or Grievances Against Defendants

The parties request the Court exclude evidence regarding Defendants' involvement in other lawsuits, claims, or incidents alleging misconduct by other inmates, unless the door is opened at trial. ECF No. 58 at 4-5.

"Even if the other inmates' allegations are not used for the truth of the matter asserted, 'it is clear that any complaints, allegations, or investigations regarding [Defendants'] previous conduct are inadmissible not only because such evidence would be unduly prejudicial, but also because such evidence is irrelevant.'" *Mora*, 2022 WL 17365253, at *1 (alteration in original) (quoting *Brooks v. Haggett*, 2010 WL 4226693, at *2 (N.D. Cal. Oct. 21, 2010)). "The inmates' allegations, grievances, and lawsuits have little probative value because they do not involve the facts of this case. Moreover, neither party has introduced evidence of the circumstances surrounding these allegations, grievances, and lawsuits." *Id.* (citing *United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012)). "In contrast, '[p]ermitting a jury to hear complaints in an officer's personnel file presents a grave danger of unfair prejudice.'" *Id.* (alteration in original) (quoting *Brooks*, 2010 WL 4226693, at *2); *Lucero v. Ettare*, 2017 WL 11693747, at *5 (N.D. Cal. June 5, 2017) (excluding prior complaints because "the prejudicial value significant, as the filing of a complaint could suggest Ettare acted badly even if the complaint was ultimately found to be without merit. There would also be a risk of wasting time on a collateral issue of what resulted from the complaints[.]").

Accordingly, the Court **GRANTS** the parties' Motion in Limine No. 4.

### E.  Bifurcation

The parties request the Court bifurcate trial as to punitive damages. ECF No. 58 at 5-7. The Court has broad discretion in deciding whether to bifurcate a trial. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." Fed. R. Civ. P. 42(b).

The Court recognizes that courts "trying section 1983 cases in this circuit often bifurcate

4

the punitive damages issue." *Monroe v. Griffin*, 2015 WL 5258115, at *5 (N.D. Cal. Sept. 9, 2015); *see generally Henderson v. Prado*, 2007 WL 1229330 (N.D. Cal. Apr. 24, 2007); *Baker v. Yassine*, 2016 WL 4264149 (E.D. Cal. Aug. 15, 2016). The Court also finds that "[e]vidence of Defendants' financial condition in the initial part of the trial is not relevant and would be more prejudicial than probative under Rule 403." *Edwards v. Bratton*, 2016 WL 1588398, at *4 (E.D. Cal. Apr. 20, 2016). Moreover, bifurcation "does not raise serious efficiency concerns, as the same jury that decides liability and entitlement to punitive damages may also decide the amount of punitive damages." *Monroe*, 2015 WL 5258115 at *5. Accordingly, the Court **GRANTS** the parties' Motion in Limine No. 5. If the jury returns a verdict for Plaintiff and finds that he is entitled to punitive damages, then the same jury will consider the amount of punitive damages to award.

## F. Shackles

The parties stipulate that limited shackling is warranted in this case based on Plaintiff's violent criminal history and lengthy sentence. ECF No. 58 at 7-8. The parties request the Court require Plaintiff's legs to be shackled during the trial.

"[J]udges must seek to maintain a judicial process that is a dignified process." *Deck v. Missouri*, 544 U.S. 622, 631 (2005). When evaluating whether to shackle an in-custody plaintiff during a civil trial, the Court must perform an "individualized security determination" that takes into account the circumstances of the particular case. *Claiborne v. Blauser*, 934 F.3d 885, 896, 900 (9th Cir. 2019).

The Court agrees that the circumstances of this case demonstrate a compelling need for limited shackling. First, "Plaintiff's violent criminal history supports shackling." *Mora*, 2022 WL 17365253, at *6 (citing *United States v. Yandell*, 2020 WL 5982096, at *3 (E.D. Cal. Oct. 8, 2020) ("[T]he history and characteristics of the in custody defendant, also supports full shackling. Although Torres has not been disruptive or committed crimes of violence in the recent past, he has been convicted of three crimes involving the killing or attempted killing of another human being.")). Second, "Plaintiff's lengthy sentence also supports the need for shackling." *Id.* (citing *McCurdy v. Kernan*, 2022 WL 198546, at *2 (E.D. Cal. Jan. 21, 2022)). Accordingly, the Court

1    **GRANTS** the parties' motion.  However, to mitigate any prejudice caused by the limited

2    shackling, the Court will cover Plaintiff's and Defendants' counsel tables with tablecloths so that

3    the shackling is not visible to the jury.  The Court will also excuse the jury if and when Plaintiff

4    needs to move in, around, and out of the courtroom.

5        Further, the Court **ORDERS** that Plaintiff shall be allowed to wear civilian clothes during

6    the trial.  Plaintiff's counsel will be responsible for bringing Plaintiff's civilian clothes to the

7    Unites States Marshal Service each morning before trial.

8    **II.    PLAINTIFF'S MOTION IN LIMINE – EVIDENCE OF PRIOR CONVICTIONS**

9        Plaintiff moves to exclude all evidence of his 2002 criminal convictions[2] under Federal

10   Rules of Evidence 402, 403, and 609.  ECF No. 57.  Defendants oppose the motion, arguing the

11   Court should allow evidence that Plaintiff was convicted of four felonies without identifying the

12   specific crimes.  ECF No. 60.

13       Evidence of criminal convictions more than 10 years old is only admissible if "(1) its

14   probative value, supported by specific facts and circumstances, substantially outweighs its

15   prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the

16   intent to use it so that the party has a fair opportunity to contest its use."  Fed. R. Evid. 609(b);

17   Fed. R. Evid. 609, Note to Subdivision (b) (noting intention "that convictions over 10 years old

18   will be admitted very rarely and only in exceptional circumstances"); *see also United States v.*

19   *Bay*, 762 F.2d 1314, 1317 (9th Cir. 1984) ("Evidence of a conviction more than ten years old is

20   presumptively inadmissible as too remote.").

21       The Court finds the prejudicial effect of introducing Plaintiff's prior convictions

22   substantially outweighs its probative value.  "'[E]vidence of Plaintiff's prior convictions is not

23   admissible because the prior convictions are not relevant to the present civil action,'" which is a

24   42 U.S.C. § 1983 involving allegations that Defendants violated his First Amendment rights.

25   *Mora*, 2022 WL 17365253, at *4 (excluding evidence of same Plaintiff's criminal convictions in

---

[2] Plaintiff was convicted of PC 187 (Murder), PC 664/187 (Attempted Murder), PC 12022.53(d) (Discharge Firearm Causing Death/Great Bodily Injury), and PC 12021(a)(1) (Ex-Felon Possession of Firearm) on November 22, 2002.  ECF No. 57 at 1.

1    civil action alleging violations of 42 U.S.C. § 1983) (quoting *Seals*, 2011 WL 1399245, at *3); *see*

2    *also Ellis v. Navarro*, 2012 WL 3580284, at *2 (N.D. Cal. Aug. 17, 2012) ("Defendants contend

3    that Plaintiff's 1995 conviction for attempted murder of a police officer should be admitted,

4    notwithstanding Rule 403 . . . given the serious nature of Plaintiff's offense, advising the jury of

5    his prior conviction for a violent felony would be unduly prejudicial under Rule 403."); *cf. United*

6    *States v. Glenn*, 667 F.2d 1269, 1273 (9th Cir. 1982) ("Generally, crimes of violence, theft crimes,

7    and crimes of stealth do not involve 'dishonesty or false statement' . . . [unless] the crime was

8    actually committed by fraudulent or deceitful means."). Accordingly, the Court **GRANTS**

9    Plaintiff's motion. Neither party shall introduce evidence of Plaintiff's prior convictions.

## III.     DEFENDANTS' MOTION IN LIMINE – EVIDENCE RE: WORK ASSIGNMENT

Defendants move to exclude any evidence they prevented Plaintiff from participating in his work assignment except for in August 2020, and a single-day incident on May 20, 2021, where Plaintiff alleges he was instructed to go back to his cell. ECF No. 52. Plaintiff opposes the motion, arguing Defendants improperly seek to dictate how he should present his case. ECF No. 61.

In its April 13, 2023 Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment, the Court stated as follows:

> The claims remaining in this action are whether defendants Turingan and Perez-Pantoja retaliated against Plaintiff in violation of the First Amendment when: (1) in August 2020, defendant Turingan refused to allow Plaintiff to perform his work assignment as a porter; (2) on May 20, 2021, defendant Perez-Pantoja order Plaintiff to "lock up;" and (3) on July 10, 2021, defendant Turingan searched and trashed Plaintiff's cell and improperly confiscated Plaintiff's earphones.

ECF No. 24 at 14. Defendants admit '[t]his means evidence of what occurred on those three occasions is relevant, and also, as Plaintiff alleges he filed specific grievances that sparked the alleged retaliatory conduct on those three occasions, evidence that he filed the grievances he specified and Defendants' knowledge and response to the grievances, or lack thereof, is also relevant." ECF No. 52 at 2. However, they argue Plaintiff improperly "wants to introduce evidence and argument with the intent to persuade the jury that the Defendants are responsible for an alleged ten-month period where Plaintiff was not allowed to conduct his work assignment, or

was allowed only very infrequently." *Id.* They maintain that allowing Plaintiff to prevent evidence regarding a ten-month period would improperly expand the scope of his claims in this case, and Plaintiff did not previously move for leave to amend. *Id.* at 2-3. Defendants further argue that, "[t]o the extent Plaintiff is, technically, not seeking to expand his claims beyond the three specific instances recognized by this Court, but is instead seeking to introduce evidence and argument that, for a ten-month period, Plaintiff was not allowed, or only infrequently allowed, to work, and thereby hope the jury is confused and infers that this was somehow all due to Defendants, and on that basis finds for the Plaintiff as to the three specific alleged instances recognized by the Court, this is also highly improper." *Id.* at 3. They argue they would be highly prejudiced, "and the jury would be very confused, if they now have to defend against an alleged claim of a months-long conspiracy between two officers, versus a few days which are the only alleged days of lack of work by Plaintiff recognized in the Court's screening order." *Id.* at 4. Defendants also argue "the examination of this lengthy monthslong period would be extremely time consuming and confusing, prejudicial to the Defendants, and significantly lengthen the trial of this matter." *Id.*

As a preliminary matter, the Court notes that Plaintiff "agrees that the legal claims in this case are limited to the three that Defendants identify in their motion and which the Court so held in its ruling on Defendants' motion for partial summary judgment[.]" ECF No. 61 at 1. But the scope of relevant, admissible evidence is not so circumscribed. It is not improper for Plaintiff to introduce evidence beyond the three incidents alleged in his complaint, as "[e]vidence need not be alleged in the complaint or form the basis of an independent claim to be admissible at trial." *Bacon v. Dep't of Human Servs.*, 2023 WL 2755592, at *2 (9th Cir. Apr. 3, 2023) (reversing motion in limine ruling excluding evidence on relevance grounds). For example, facts showing Defendants prohibited or permitted Plaintiff from performing his work assignment on other days tend to make it more or less probable that they prohibited him from performing his work assignment on the specific dates at issue in this case. Similarly, evidence of Defendants' conduct between August 2020 and July 2021 could be relevant to their mental state, the presence or absence of retaliatory intent, and to connecting the three claims at issue. Thus, by seeking to

8

introduce this evidence, Plaintiff is not seeking to expand or amend the scope of his claims; instead, he seeks to present evidence that puts his claims in context and helps explain the connection between the alleged events. *See, e.g., Monterey Bay Military Hous., LLC v. Pinnacle Monterey LLC*, 2015 WL 4593439, at *9 (N.D. Cal. July 30, 2015) (denying motion in limine to exclude evidence of alleged misconduct outside the relevant time period); *United States v. Chaudhry*, 2008 WL 2128197, at *21 (N.D. Cal. May 20, 2008) (denying motion in limine to exclude evidence of defendant's bank accounts outside the relevant time period, crediting arguments that prior transactions were "intertwined" with transactions at issue and were relevant to defendant's mental state).

Further, as the authority cited by Defendants explains, "motions in limine should rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial." *Altair Instruments, Inc. v. Telebrands Corp.*, 2021 WL 5238787, at *1 (C.D. Cal. Feb. 18, 2021). Defendants' motion lacks clearly identifiable bounds or any proposed framework for determining what evidence should be excluded. *See Server Tech., Inc. v. Am. Power Conversion Corp.*, 2014 WL 1308617, at *5-6 (D. Nev. 2014) (denying motion in limine where movant did not specify evidence sought to be excluded and did not offer a "framework to guide the court in crafting such an evidentiary ruling"). If Defendants believe that any particular evidence Plaintiff presents at trial is irrelevant, such objections can be effectively resolved during the trial itself.

Finally, any prejudice to Defendants is negligible. "Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403." *United States v. Hankey*, 203 F.3d 1160, 1172 (9th. Cir. 2000) (quoting *United States v. Mills*, 704 F.2d 1553, 1558 (11th. Cir. 1983)). Here, any additional burden on Defendants will be minimal, because the same witnesses and the same evidence—e.g., daily program status reports and Plaintiff's work records—will be introduced at trial. Further, the Court finds that evidence of Defendants' conduct toward Plaintiff during the time period will not confuse the issues or mislead the jury. To assess the parties' credibility, the veracity of the claimed incidents, and Defendants' mental states, the jury needs to

1  hear the full story, not just isolated snippets.  Ultimately, the probative value of the evidence that
2  Defendants seek to exclude is relevant and not outweighed by risks of prejudice, delay, or
3  confusion.
4      Accordingly, the Court **DENIES** Defendants' Motion in Limine.
5      **IT IS SO ORDERED.**

7  Dated: August 8, 2024

                THOMAS S. HIXSON
                United States Magistrate Judge